IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAMPBELL HARRISON & DAGLEY L.L.P. and CALLOWAY, NORRIS, BURDETTE AND WEBER, PLLC**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-4599-L** |
| **ALBERT G. HILL III and ERIN HILL,** *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is CHD and CNBW's Motion for Entry of Judgment Pursuant to Fifth Circuit Mandate (Doc. 110), filed May 13, 2015. Having considered the motion, response, reply, record, and applicable law, and for the reasons that follow, the court **grants** CHD and CNBW's Motion for Entry of Judgment Pursuant to Fifth Circuit Mandate.

**I.     Relevant Background**

On May 11, 2015, the United States Court of Appeals for the Fifth Circuit issued its mandate in this case, rendering judgment for Campbell Harrison & Dagley, L.L.P., including Suzanne E. Goss, of counsel to Campbell Harrison & Dagley, L.L.P. ("CHD"), and Calloway, Norris, Burdette & Weber, PLLC ("CNBW"), confirming their arbitration award against the Hills.[*] Docs. 108-09.

---

[*] Defendants are Albert G. Hill, III and Erin Hill, in both their individual capacities and in their representative capacities on behalf of: (1) N. Hill; (2) C. Hill:; (3) A. Hill; (4) the unborn beneficiaries of the Margaret Hunt Trust Estate and/or the Haroldson Lafayette Hunt, Jr. Trust Estate who descend from Albert G. Hill, III and/or Erin Hill; (5) the unascertained beneficiaries of the Margaret Hunt Trust Estate and/or the Haroldson Lafayette Hunt, Jr. Trust Estate who descend from Albert G. Hill, III and/or Erin Hill; and (6) any appointee of Albert G. Hill, III, and/or Erin Hill and/or any person on behalf of whom they (or either of them) acted in entering into the Attorneys' Hourly Rate and Contingency Fee Agreement and/or the Dallas Counsel Attorneys' Fee Agreement with CHD and CNBW (collectively, the "Hills").

**Memorandum Opinion and Order - Page 1**

The Fifth Circuit remanded the case to this court "for further proceedings consistent with [its] opinion, including determining the amount due for pre-judgment interest, at a rate of five percent, and setting, pursuant to 28 U.S.C. § 1961, the rate of post-judgment interest."  Doc. 108, Fifth Circuit Op. at 10.

On May 13, 2015, Plaintiffs CHD and CNBW filed a Motion for Entry of Judgment Pursuant to Fifth Circuit Mandate (Doc. 110), with a proposed form of judgment attached thereto as Exhibit 3.  *See* Proposed Judgment (Doc. 110-3).  The Hills oppose the motion, arguing that they: (1) "will challenge the Fifth Circuit's Order by way of a petition for writ of certiorari to the United States Supreme Court because the Fifth Circuit misapplied the law[,]" and as "a result a final judgment cannot be entered now without waste of judicial resources[]"; and (2) "a final judgment cannot be executed without violating the terms of the final judgment in *Hill v. Hunt*, which provides that the funds interpleaded into the court registry 'shall be disbursed only upon further Order of this Court after the resolution of the claims at issue in the above-referenced severed action.'"  Defs.' Opp'n to CHD's and CNBW's Motion for Entry of Judgment 4-5 ("Defs.' Resp.") (Doc. 112).  The Hills do not challenge CHD's and CNBW's form of final judgment (*see* Doc. 110-3), or the manner in which they calculate interest (both prejudgment and postjudgment) (*see* Doc. 110).  The court will examine the Hills's arguments in turn.

**II.     Discussion**

In opposition to CHD's and CNBW's motion, the Hills first argue that this court should stay entry of any judgment because the Hills intend to petition the Supreme Court for a writ of certiorari.  *See* Defs.' Resp. 4-5.  Plaintiffs counter that this court is without authority to stay the Fifth Circuit's

mandate pending the Hills's petition for writ of certiorari. Pls.' Reply 4 (Doc. 117). The court agrees.

There are two avenues by which a party may obtain a stay of a mandate: Title 28 U.S.C. § 2101(f) and Federal Rule of Appellate Procedure 41(d)(2)(A). The Hills have neither pursued nor obtained relief under either, and this failure deprives the court of authority to stay the entry of judgment pursuant to the mandate.

Title 28 U.S.C. § 2101(f) provides as follows:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a Justice of the Supreme Court.

28 U.S.C. § 2101(f). The court rendering the mandate in this instance is the Fifth Circuit, not the district court. This court lacks authority to stay the execution of the appellate court's mandate. That a petition for writ of certiorari may be filed does not alter the court's analysis.

In addition, the Hills have failed to take any steps to comply with Federal Rule of Appellate Procedure 41(d), which sets forth the procedure for obtaining a stay of the mandate by the Fifth Circuit. Specifically, Rule 41(d)(2)(A) provides that:

> A party may move to stay a mandate pending the filing of a petition for writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the certiorari petition would present a substantial question and that there is good cause for a stay.

Fed. R. App. P. 41(d)(2)(A). Had the Hills complied with this rule and convinced the Fifth Circuit that a certiorari petition would present a "substantial question" and that there is "good cause" for a stay, this court would have no choice but to stay the entry of a judgment. As the Hills did not

obtain a stay of the mandate pursuant to Rule 41(d), this court has no authority to delay the entry of judgment as directed.

Not only is the court without authority to act because of statute and Rule 41(d), but also because of existing precedent regarding the mandate rule, aptly summarized as follows:

> The *mandate rule*, which is a corollary or specific application of the law of the case doctrine, prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand. The prohibition covers issues decided both expressly and by necessary implication, and reflects the jurisprudential policy that once an issue is litigated and decided, that should be the end of the matter. This rule is essential to the orderly administration of justice, as it is aimed at preventing obstinate litigants from repeatedly reasserting the same arguments and at discouraging opportunistic litigants from appealing repeatedly in the hope of acquiring a more favorable appellate panel.

*United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (footnotes, citations, and internal quotation marks omitted) (emphasis in original). More to the point, "[t]he mandate rule requires a district court on remand to effect our mandate and to do nothing else." *General Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (citations omitted).

In opposition to entry of judgment, the Hills next argue that: "a final judgment cannot be executed without violating the terms of the final judgment in *Hill v. Hunt*, which provides that the funds interpleaded into the court registry 'shall be disbursed only upon further Order of this Court after the resolution of the claims at issue in the above-referenced severed action.'" Defs.' Resp. 4-5. The court rejects this argument, as delaying entry of judgment would similarly be ignoring the mandate. Further, whether the Final Judgment in *Hill v. Hunt* would have any impact on CHD's and CNBW's ability to collect on any judgment is not before the court today.

Finally, although the Hills made a conclusory statement they opposed the entry of judgment because the proposed judgment "contain[ed] the wrong calculation of interest," they offer no

argument for the basis that it was erroneously calculated or an alternative method for calculating interest. The court, therefore, finds that the Hills's failure to set forth their opposition with particularity to the form of final judgment submitted by CHD and CNBW and the calculations of interest set forth in CHD and CNBW's motion is a waiver of any such challenges. *See Celanese Corp. v. Martin K. Eby Const. Co., Inc.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal.").

### III. Conclusion

For the reasons herein stated, the court **grants** CHD and CNBW's Motion for Entry of Judgment Pursuant to Fifth Circuit Mandate (Doc. 110). As required, a final judgment will issue by separate document pursuant to Federal Rule of Civil Procedure 58.

**It is so ordered** this 3rd day of June, 2015.

　　　　　　　　　　　　　　　　　　　　_Sam A. Lindsay_
　　　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　　United States District Judge