IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CAMPBELL HARRISON & DAGLEY L.L.P. and CALLOWAY, NORRIS, BURDETTE AND WEBER, PLLC**, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>**ALBERT G. HILL III and ERIN HILL,** *et al.*, <br><br>　　　　Defendants. | Civil Action No. **3:12-CV-4599-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Rule 60(a) or, Alternatively, Rule 59(e) Motion for Correction or Clarification of Interest Calculation (Doc. 120), filed June 17, 2015. Having considered the motion, response, reply, surreply, record, and applicable law, the court **denies** the motion.

### I.   Factual Background and Procedural History

The court need not set forth the extensive history of this case, as the parties are well-aware of the legal and factual background pertaining to the pending motion. In brief, this matter arises from a protracted fee dispute between the Hills[1] and their former attorneys, Campbell Harrison & Dagley, L.L.P., including Suzanne E. Goss, of counsel to Campbell Harrison & Dagley, L.L.P.

---

[1] Defendants are Albert G. Hill, III and Erin Hill, in both their individual capacities and in their representative capacities on behalf of: (1) N. Hill; (2) C. Hill; (3) A. Hill; (4) the unborn beneficiaries of the Margaret Hunt Trust Estate and/or the Haroldson Lafayette Hunt, Jr. Trust Estate who descend from Albert G. Hill, III and/or Erin Hill; (5) the unascertained beneficiaries of the Margaret Hunt Trust Estate and/or the Haroldson Lafayette Hunt, Jr. Trust Estate who descend from Albert G. Hill, III and/or Erin Hill; and (6) any appointee of Albert G. Hill, III, and/or Erin Hill and/or any person on behalf of whom they (or either of them) acted in entering into the Attorneys' Hourly Rate and Contingency Fee Agreement and/or the Dallas Counsel Attorneys' Fee Agreement with CHD and CNBW (collectively, the "Hills").

("CHD"); and Calloway, Norris, Burdette & Weber, PLLC ("CNBW"). The Hills entered into fee agreements with former counsel containing an arbitration clause whereby any dispute arising in connection with the legal services provided would be subject to binding arbitration. *See* Doc. 28-1 at 228-29 & Doc. 28-2 at 7-8. After the Hills terminated their legal relationship with CHD and CNBW, and the parties were unable to reach agreement as to payment of legal fees, CHD and CNBW filed a motion to compel arbitration, which was granted by United States District Judge Reed C. O'Connor on February 18, 2011. *See Campbell Harrison & Dagley, LLP, et al. v. Hill*, C.A. No. 3-10-cv-2269-O, at ECF No. 88.

On November 13, 2012, the arbitrators ruled in favor of CHD and CNBW, awarding, in pertinent part, $3,150,000 in hourly attorney's fees to CHD, $152,167 in hourly attorney's fees to CNBW, and $25,026,774 in contingent attorney's fees to CHD and CNBW. On November 14, 2012, CHD and CNBW filed this action to confirm the arbitration award. On January 31, 2013, the Hills filed a motion to vacate or, alternatively, modify the arbitration award. On May 28, 2014, the court, among other things, upheld the award of hourly fees, vacated the award of contingent fees, and entered judgment accordingly. *See* Mem. Op. (Doc. 83) & Judgment (Doc. 84). CHD and CNBW filed a timely notice of appeal.

On April 2, 2015, the United States Court of Appeals for the Fifth Circuit issued its opinion in the case, ruling in favor of CHD and CNBW and affirming their arbitration award against the Hills. Doc. 108 (Fifth Circuit Op. at 9-10).[2] The Fifth Circuit remanded the case to this court "for further proceedings consistent with [its] opinion, including determining the amount due for pre-

---

[2] Specifically, the Fifth Circuit affirmed the court's judgment upholding the hourly fees award, reversed the court's vacatur of the contingent fees award, and reinstated the arbitration award of contingent attorney's fees in the amount of $25,026,774.

**Memorandum Opinion and Order - Page 2**

judgment interest, at a rate of five percent, and setting, pursuant to 28 U.S.C. § 1961, the rate of post-judgment interest." *Id.* at 10. On May 11, 2015, the Fifth Circuit issued its mandate. Doc. 109 (Judgment & Mandate).

On May 13, 2015, CHD and CNBW filed a Motion for Entry of Judgment Pursuant to Fifth Circuit Mandate. CHD and CNBW asserted that postjudgment interest should be calculated from the date of the new final judgment after remand, and prejudgment interest should be calculated from November 22, 2011 (the date the arbitration claim was filed) until the date before entry of the new final judgment after remand. Mot. 2-3 (citing *Kaiser Aluminium & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990) (holding that where more than one judgment exists in a case, 28 U.S.C. § 1961 requires that postjudgment interest be calculated from the judgment in which damages are sufficiently ascertained)). The Hills opposed the motion, arguing that judgment should not be entered because: (1) they intended to challenge the Fifth Circuit's decision by way of a petition for writ of certiorari to the United States Supreme Court, and (2) entry of final judgment would violate the final judgment in *Hill v. Hunt*, C.A. No. 3-07-cv-2020-L. With regard to CHD and CNBW's proposed interest calculations, the Hills's only objection was that "[i]f an attorney's fee award is unconscionable, then any percentage of that award as interest is likewise unconscionable." Resp. 8 (Doc. 112).

On June 3, 2015, the court rejected the Hills's arguments, granted CHD and CNBW's Motion for Payment, and entered final judgment in CHD and CNBW's favor in the amount of $40,915,407.13. Docs. 118 (Mem. Op. & Ord.) and 119 (Judgment). Notably, this amount included prejudgment interest on the entire award (including both the hourly and contingent fee awards) calculated at the rate of 5% per annum from April 22, 2011 (the date the arbitration action was

**Memorandum Opinion and Order - Page 3**

filed), to June 2, 2015 (the date before final judgment after remand was entered). In its memorandum opinion, the court concluded that the Hills waived any future challenge to the court's calculation of prejudgment interest, stating as follows:

> Finally, although the Hills made a conclusory statement they opposed entry of judgment because the proposed judgment "contain[ed] the wrong calculation of interest," they offer no argument for the basis that it was erroneously calculated or an alternative method for calculating interest. The court, therefore, finds that the Hills' failure to set forth their opposition with particularity to the form of final judgment submitted by CHD and CNBW and the calculation of interest set forth in CHD and CNBW's motion is a waiver of any such challenges.

June 3, 2015, Mem. Op. & Ord. 4-5 (citation omitted) (Doc. 118).

On June 17, 2015, the Hills filed Defendants' Rule 60(a) or, Alternatively, Rule 59(e) Motion for Correction or Clarification of Interest Calculation. Doc. 120. The motion has been fully briefed and is ripe for determination. Prior to addressing the motion, the court sets for the applicable legal standards.

## II. Applicable Legal Standards

### A. Federal Rule of Civil procedure 60(a)

Federal Rule of Civil procedure 60(a) provides the following:

> The court may correct a clerical mistake or a mistake arising from an oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with ot without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

### B. Federal Rule of Civil Procedure 59(e)

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate

issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### III.    Analysis

#### A.    Summary of Parties' Arguments

In Defendants' Rule 60(a) or, Alternatively, Rule 59(e) Motion for Correction or Clarification of Interest Calculation, the Hills argue that the court should amend its June 3, 2015, Judgment because it erred in its calculation of prejudgment interest on the award of hourly fees. While the Hills do not dispute that prejudgment interest began accruing on April 22, 2011, they contend that it ceased accruing on May 28, 2014, the date the court first entered judgment, and not

on June 2, 2015, the date before the court's entry of judgment after remand. Specifically, the Hills argue as follows:

> This Motion is directed to the date used to cut off the calculation of prejudgment interest on the award of hourly attorneys' fees in the judgment entered by the Court on June 3, 2015. Plaintiffs' right to prejudgment interest ended as of the date the Court first entered judgment—on May 28, 2014 (the "2014 Judgment"). That judgment was in favor of [CHD and CNBW]. The Court held that [CHD and CNBW] were entitled to hourly fees for the work they had performed for the Hill III family, but that their request for an enormous contingency fee award was unconscionable.
>
> Use of June 3, 2015[,] as the cut-off date was an error or mistake, due to oversight or omission, in the calculation of the amount of prejudgment interest to which [CHD and CNBW] are entitled under the Court's judgment. This error should be corrected pursuant to Rule 60(a). Even if the award of prejudgment interest after May 28, 2014[,] was not the result of an oversight or omission, the June 3, 2015[,] judgment should still be amended under Rule 59(e), because it was legally incorrect.
>
> * * * *
>
> The Court should correct the erroneous cut-off date used to calculate prejudgment interest in the June 3, 2015[,] judgment, and enter judgment that does not award [CHD and CNBW] prejudgment interest on the hourly fees after the 2014 Judgment.

Hill Mot. 1-2 (Doc. 120).

In response, CHD and CNBW argue: (1) the Hills have waived any challenge to the calculation of prejudgment interest by failing to make any specific objections previously, and (2) in any event, the interest calculation was legally correct since "the Final Judgment that meaningfully ascertains the result of this case was entered on June 3, 2015." Resp. 2-3, 5-9 (Doc. 122).

In reply, the Hills argue that they did not waive their right to challenge the calculation of prejudgment interest since CHD and CNBW "did not clarify what date they were using in determining pre-judgment interest on the hourly fees." Reply 8 (Doc. 123). According to the Hills,

**Memorandum Opinion and Order - Page 6**

"The Attorneys['] lack of clarity in the Motion for Entry of Judgment defeats their argument that the Hills waived the error." *Id.* Further, the Hills accuse CHD and CNBW of "obscur[ing] the legal issues before the Court[.]" *Id.* at 2. In addition to opposing CHD and CNBW's waiver argument, the Hills contend that CHD and CNBW are not entitled to prejudgment interest on the hourly fees award after May 28, 2014, and allowing such an award would violate the mandate. *Id.* at 4.

In their surreply, filed pursuant to the court's directive, CHD and CNBW accuse the Hills of pursuing "a strategy to create delay on the basis of frivolous and repetitive arguments." Surreply 1 (Doc. 129). According to CHD and CNBW, the Hills's "motion under Rule 60(a) or 59(e) is just another example of the same pattern. It should be rejected because it is both procedurally improper and legally wrong, and strikes at the high interest federal courts put on finality after judgment is entered." *Id.*

### B. Discussion

#### 1. Waiver

The court first addresses CHD and CNBW's argument that the Hills waived their right to challenge the court's calculation of prejudgment interest. To reiterate, the Hills argue that CHD and CNBW's Motion for Entry of Judgment obfuscated the issues to such a degree that they were unable to discern that prejudgment interest was being sought from April 22, 2011, until the court's entry of judgment following remand, rather than from April 22, 2011, to May 28, 2014, the date of the court's first judgment. For the reasons that follow, the court rejects this argument, finding it, at a minimum, disingenuous.

Contrary to the Hills's assertion, CHD and CNBW's motion explicitly requested prejudgment interest on all fees until this court issued its judgment following the Fifth Circuit's

remand. CHD and CNBW argued that "prejudgment interest accrues until the day before the second judgment is entered after remand." Doc. 110 at 4. CHD and CNBW also provided illustrations that removed any doubt they were seeking prejudgment interest until the court entered judgment after remand. *Id.* at 6-7. For example, CHD and CNBW set forth the following calculation: "Altogether, the total prejudgment interest for the time period from April 22, 2011[,] through May 13, 2015 (the date of this filing)[,] equals $5,748,414.28, with an additional $3,878.75 in prejudgment interest for each day after May 13, 2015, until the day before the judgment is entered." *Id.*

The court had no difficulty understanding the interest calculations set forth by CHD and CNBW in their Motion for Judgment. After reviewing controlling case law, *see, e.g., Kaiser*, *supra*, and noting the Hills had not specifically objected to CHD and CNBW's mode of calculating prejudgment interest, the court entered a final judgment in CHD and CNBW's favor in the total amount of $40,915,407.13, which included prejudgment interest on the entire award calculated at the rate of 5% per annum from April 22, 2011 (the date the arbitration action was filed) to June 2, 2015 (the date before final judgment after remand was entered).

For the reasons stated above, as well as those set forth by CHD and CNBW in their legal briefing (*see* Docs. 122, 129), the court concludes that the Hills have waived any objection to prejudgment interest calculations in the June 2, 2015 Judgment. Accordingly, the court denies the Hills's Rule 60(a) or, Alternatively, Rule 59(e) Motion for Correction or Clarification of Interest Calculation. While the Hills's waiver is dispositive of their motion, the court alternatively denies the motion on the merits for the reasons stated below.

### 2. *Federal Rules of Civil Procedure 60(a) and Rule 59(e)*

The Hills argue that the court should amend its Judgment and set May 28, 2014, as the cut-off date for prejudgment interest on the hourly fees award under Federal Rule of Civil Procedure 60(a). Rule 60(a) is limited to fixing clerical errors "of the sort that a clerk or amanuensis might commit, mechanical in nature." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (citation omitted); *see also Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 198 (5th Cir. 2011) ("The Rule's purpose is to police any disconnect between the adjudication and the judgment, not between the judgment and the parties' understanding thereof."). Here, the Hills do not argue any disconnect between the court's adjudication and its Judgment. Further, the court's calculation of prejudgment interest through June 2, 2015, was not the result of any mechanical or clerical error, but of deliberate and painstaking analysis of the parties' legal arguments, the Fifth Circuit's opinion and mandate, the record and applicable law. Accordingly, the court rejects the Hills's argument that Rule 60(a) provides a basis for amending the court's Judgment.

The court also rejects the Hills's argument that the court should alter or amend its Judgment pursuant to Federal Rule of Civil Procedure 59(e). "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon*, 891 F.2d at 1159 (citations omitted). The Hills have shown neither. To the extent the Hills now posit that the court committed legal error, the Hills cannot use Rule 59(e) to raise "arguments which could, and should, have been made before the judgment issued." *See id.* Accordingly, the court rejects the Hills's argument that Rule 59(e) provides a basis for amending the court's Judgment.

**Memorandum Opinion and Order - Page 9**

## IV.  Conclusion

For the reasons herein stated, the court **denies** Defendants' Rule 60(a) or, Alternatively, Rule 59(e) Motion for Correction or Clarification of Interest Calculation (Doc. 120).

**It is so ordered** this 30th day of July, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge